UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DENA MEDIALDEA, *et al.*,

    Plaintiffs,

    v.

LAW OFFICE OF EVAN L LOEFFLER PLLC, *et al.*,

    Defendants.

No. C09-55RSL

ORDER DENYING MOTION FOR RECONSIDERATION

This matter comes before the Court on plaintiffs' "Motion to Reconsider Portions of the Court's Order Granting in Part Defendant's FRCP 12(b)(6) Motion to Dismiss Pursuant to FRCP 59 and FRCP 60," Dkt. #24. Plaintiffs contend that the Court "made an error of law by dismissing rather than allowing Plaintiff to amend the Complaint" regarding the alleged $500 attorney's fee requested by defendant Loeffler. Id. at 1-2. Plaintiffs concede that "[t]he Complaint was far less than perfect" but assert that it "satisfied the job it was designed to do – notify the defendants of the Plaintiffs [sic] claims." Id. at 3. For all of the reasons stated in its previous order, Dkt. #22, the Court disagrees. Plaintiffs' complaint with respect to this claim

ORDER DENYING MOTION FOR
RECONSIDERATION - 1

was insufficient as drafted and therefore the Court dismissed the claim without prejudice.[1]

Plaintiffs appear to be confused about the procedures available to them in light of the Court's order. Plaintiffs have styled their motion as a motion for reconsideration, but they have completely ignored the local rules governing motions for reconsideration. See LR 7(h)(2) ("The motion shall be filed within ten judicial days following the order to which it relates."). Plaintiffs filed their motion "pursuant to FRCP 59" and cite case law from other circuits announcing the purpose of Rule 59(e) motions to alter or amend judgment. Dkt. #24 at 3. However, no final judgment has been entered in this case. Plaintiffs argue that the Court should have allowed them to amend their complaint, yet they never requested leave to amend as alternative relief in their response to defendant's motion to dismiss, nor have they filed a motion for leave to amend the complaint in accordance with Fed. R. Civ. P. 15 or 16.

Plaintiffs confess that their complaint was "sloppy", Dkt. #24 at 4, but their present motion is equally slipshod both in the manner in which it was drafted and in the relief it requests. Plaintiffs contend that they have been "denied" their "established right" to correct the errors of their complaint, id. at 2, but they do not point to anything denying them the right to move for amendment of pleadings. They further request a stay of the Court's prior order pending a final determination of the Barringers' case in state court, id. at 9-10, but they have not identified how the Court's order has left the Barringers without a remedy. In a single, half-hearted sentence, plaintiffs assert that the state court judgment has no preclusive effect, but they provide no case law or reasoning to back up their argument.

For all of the foregoing reasons, Plaintiffs' motion for reconsideration (Dkt. #24) is

---

[1] To the extent plaintiffs suggest that one of the reasons for dismissing the claim without prejudice was because of the small amount of money at issue, see Dkt. #24 at 2, they are mistaken. In fact, the Court ruled that plaintiffs had stated a claim with respect to the $50 service cost. Dkt. #22 at 11.

ORDER DENYING MOTION FOR
RECONSIDERATION - 2

DENIED.

DATED this 10th day of July, 2009.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR
RECONSIDERATION - 3